KNOWLTON et al., Appellees,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

[Cite as *Knowlton v. Nationwide Mut. Ins. Co.* (1996), 108 Ohio App.3d 419.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE02–225.

Decided Jan. 11, 1996.

**420**

---

*Richard D. Topper, Jr.,* for appellee Vicie Knowlton.

*Wirtz & Kohn* and *Jeffrey L. Kohn,* for appellee Farmers Insurance of Columbus, Inc.

*Crabbe, Brown, Jones, Potts & Schmidt, William H. Jones* and *Kristen H. Smith,* for appellant.

REILLY, Judge.

Defendant-appellant, Nationwide Mutual Insurance Company, appeals a decision of the Franklin County Court of Common Pleas granting the summary judgment motion of plaintiff-appellee, Farmers Insurance Company, and declaring that appellant is required to provide uninsured motorist coverage as the primary insurer to Vicie Knowlton, a passenger in a vehicle which appellant insured, for injuries she sustained in a collision caused by the negligence of an uninsured motorist.

Appellant asserts the following assignment of error:

"The Trial Court erred in granting Plaintiff–Appellees' Motion for Summary Judgment."

The facts in the present case have been stipulated. Vicie Knowlton is the ex-wife of Kendall Knowlton. On February 15, 1991, Vicie and Kendall Knowlton were not married and lived at separate residences. On February 15, 1991, a collision occurred involving a motor vehicle driven by Kendall Knowlton and an uninsured vehicle driven by Gregory Preston; Preston's negligent operation was the cause of the accident. Vicie Knowlton was a passenger in the car driven by Kendall Knowlton and sustained personal injuries, incurred medical expenses, and lost wages as a result of the accident.

On February 15, 1991, Vicie Knowlton had an automobile liability policy of insurance with appellee, Farmers Insurance Company ("Farmers"), and Kendall Knowlton had an automobile liability policy of insurance with appellant, Nationwide Mutual Insurance Company ("Nationwide"). Both policies included uninsured motorist coverage in the amount of $100,000 for each person and $300,000 for each accident.

Vicie Knowlton presented an uninsured motorist claim to appellant which appellant denied based on the "Other Persons" clause of its policy with Kendall Knowlton. Vicie Knowlton subsequently presented her uninsured motorist claim to appellee Farmers, which accepted the claim pursuant to R.C. 3837.21. Appellee compensated Vicie Knowlton for her injuries in the amount of $73,500 without admitting that it was the primary insurer. Appellant and appellee agree that $73,500 was the fair and reasonable compensation for Vicie Knowlton's uninsured motorist claim.

In January 1994, Vicie Knowlton filed a complaint against appellant. In June 1994, the common pleas court granted appellee Farmers' motion to intervene and file a complaint. In August 1994, Vicie Knowlton's claim against appellant was dismissed without prejudice.

In November 1994, appellee filed a motion for summary judgment, seeking a declaratory judgment that appellant's policy with Kendall Knowlton required that it provide primary uninsured motorist coverage to Vicie Knowlton up to $100,000 for any damages she sustained as a result of the February 15, 1991 automobile accident. The trial court determined as a matter of law that appellant's "Other Persons" clause was invalid and granted appellee's motion for summary judgment.

When reviewing the grant of a summary judgment motion, an appellate court reviews the judgment independently and does not defer to the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.

At issue is the validity of the "Other Persons" provision in the Uninsured Motorists Coverage portion of Kendall Knowlton's automobile insurance policy with appellant. The Uninsured Motorist Coverage Agreement in Kendall Knowlton's policy with Nationwide provides that:

"[Nationwide] will pay compensatory damages * * * which are due by law to *you* or a *relative* from the owner or driver of an *uninsured motor vehicle* because of *bodily injury* suffered by *you* or *a relative.*

"OTHER PERSONS

"We will also pay compensatory damages, including derivative claims, which are due by law to other persons who:

"1. Are not a named insured or an insured household member for similar coverage under another policy; and

"2. Suffer *bodily injury* while occupying:

"a) *your auto.*" (Emphasis added.)

Appellee presented two arguments in support of its summary judgment motion. First, appellee argued that because the effect of the "Other Persons" provision is to deny compensatory damages to a passenger who is a named insured under another policy, it is repugnant to R.C. 3937.18 and is, therefore, an impermissible exclusion. Second, appellee argued that subsection 1 of the "Other Persons" definition is ambiguous on its face and, accordingly, should be found to be disregarded.

The construction of written contracts is a matter of law. *Latina v. Woodpath Dev. Co.* (1991), 57 Ohio St.3d 212, 567 N.E.2d 262. When possible, words and phrases of an insurance policy should be given their natural and commonly accepted meaning. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380. When the language of an insurance contract is reasonably susceptible of more than one interpretation, it is ambiguous and will be construed in favor of the insured and against the insurer. *Id.* at syllabus. The liberal interpretation rule does not require that a court adopt a forced or strained construction of an insurance contract. *New Amsterdam Cas. Co. v. Johnson* (1914), 91 Ohio St. 155, 110 N.E. 475.

The Random House Dictionary of the English Language (2 Ed. 1987) 1782, defines "similar" as "having a likeness or resemblance, esp. in a general way."

This court concludes that "similar coverage," given its ordinary and usual meaning, is reasonably susceptible of more than one interpretation and is therefore ambiguous. By its very definition "similar" is a broad term and would permit appellant to deny uninsured coverage to any "other person" who has applicable coverage under some sort of insurance policy, not just uninsured motorist coverage. An illustrative example of the ambiguity of the provision is a scenario, based on the present case, in which the passenger has significant damages but only has uninsured motorist coverage under another policy for $15,000, while the policy issued by appellant to the owner of the vehicle provides uninsured motorist coverage for $100,000. In such a case, reasonable minds could reach different conclusions as to whether the passenger's coverage was similar to the coverage under appellant's policy.

For the above reasons, this court finds that subsection 1 of the "Other Persons" definition is ambiguous and rendered a nullity. Thus, Vicie Knowlton is entitled to uninsured motorist coverage under the policy, as she was a passenger who suffered bodily injury while occupying Kendall Knowlton's auto.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and LAZARUS, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.