OPINION
In these two cases, consolidated for purposes of trial and appeal, plaintiffs-appellants, Edward F. Sturgeon (as administrator of the estate of Lucille James) and Pinkie Mitchell, appeal from judgments rendered in favor of defendants-appellees, Elijah Dubois and Allstate Insurance Companies ("Allstate"). We affirm the judgments of the Franklin County Court of Common Pleas.
These insurance coverage disputes arise out of an automobile accident involving a rental car. Dubois was driving the rental car and his negligence caused the accident. At the time of the accident, Dubois had an Allstate automobile insurance policy. The sole issue in this case is whether Allstate's policy provides coverage.
A magistrate conducted a non-jury trial on March 30, 2000. The evidence, which consisted of joint stipulations of facts, Pinkie Mitchell's deposition transcript, the Allstate insurance policy at issue and the rental car agreement, demonstrated the following.
In the summer of 1996, Mitchell, a resident of Alabama, had taken the bus to Youngstown, Ohio to visit her sister, Lucille James, and her cousins, Elijah and Eleanor Dubois. James and the Duboises decided to accompany Mitchell on her return trip to Alabama, and they persuaded her to forego the return trip by bus and travel by car with them instead. At the time they were planning the trip to Alabama, both James and Dubois owned vehicles. Mitchell testified that, nonetheless, at some point someone decided that James would rent a car for the trip to Alabama. On August 5, 1996, James rented a car from a Hertz Rent-A-Car agency in Youngstown. Pursuant to the rental agreement, James was the only person authorized to drive the rental car.
The foursome packed their belongings into the rental car. As they were leaving Youngstown, James handed the keys to the rental car to Dubois and asked him to drive the car out of town. While Dubois was driving the rental car through the Columbus area, he caused the accident at issue. James was killed in the accident and Mitchell sustained serious injuries.
On June 12, 2000, the magistrate rendered a decision in Allstate's favor. Appellants objected to the magistrate's decision, arguing that: (1) the magistrate erred in sustaining certain objections made by Allstate during Mitchell's deposition; and (2) the magistrate erroneously concluded that the rental car was not a replacement vehicle within the meaning of the Allstate insurance policy. The trial court overruled the objections and entered judgment in Allstate's favor.
Appellants now assert the following errors:
ASSIGNMENT OF ERROR NO. 1:
 The trial court erred in adopting the decision of the magistrate in that the magistrate's decision is contrary to established law that where the terms of an insurance policy are reasonably susceptible of more than one interpretation they must be construed strictly against the insurer and liberally in favor of the insured. Further, where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof. The trial court's decision was thereby contrary to law and constituted an abuse of discretion.
ASSIGNMENT OF ERROR NO. 2:
 The trial court further erred in adopting the magistrate's decision, which decision was contrary to law and based upon erroneous evidentiary rulings, all to the substantial prejudice of appellants herein.
By their first assignment of error, appellants argue that the trial court erroneously adopted the magistrate's decision. According to appellants, the insurance policy is ambiguous as to whether the rental car is an insured automobile and the ambiguity must be construed in favor of coverage. We will not disturb the trial court's judgment if it is "supported by some competent, credible evidence going to all the essential elements of the case." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
The insurance policy states the following regarding coverage:
 Allstate will pay damages which an insured person is legally obligated to pay because of:
 bodily injury sustained by any person, and damage to, or destruction of, property.
 Under these coverages, your policy protects an insured person from claims for accidents arising out of the ownership, maintenance or operation, loading or unloading of an insured auto. [Emphasis omitted.]
"Insured auto" is defined in relevant part as "[a]ny auto described on the policy declarations and the private passenger or utility auto you replace it with." [Emphasis omitted and added.]
Appellants contend that Dubois replaced the vehicles described in the policy declarations his 1988 Chevrolet truck and his 1977 Chevrolet Caprice — with the rental car that he was driving at the time of the accident. Appellants argue that, because the term "replace" is not defined in the Allstate policy, the policy is ambiguous, and the ambiguity must be construed in favor of coverage. We disagree, and we conclude that the evidence demonstrates that Dubois did not replace his insured vehicles with the rental car.
In order to recover on a claim for breach of an insurance contract, a plaintiff must prove that a policy of insurance existed and that the claimed loss was covered under the policy. Inland Rivers Service Corp. v. Hartford Fire Ins. Co. (1981), 66 Ohio St.2d 32, 34. "[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. Words and phrases used in insurance policies "`must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined.'" Tomlinson v. Skolnik (1989), 44 Ohio St.3d 11, 12 (quoting Gomolka v. State Auto. Mut. Ins. Co. [1982], 70 Ohio St.2d 166, 167-168). Ambiguities in insurance policies should be construed liberally in favor of coverage. Yeager v. Pacific Mut. Life Ins. Co. (1956), 166 Ohio St. 71, paragraph one of the syllabus. The rule requiring liberal interpretation of insurance contracts, however, "does not require that a court adopt a forced or strained construction of an insurance contract." Knowlton v. Nationwide Mut. Ins. Co. (1996), 108 Ohio App.3d 419, 423.
Appellants argue that "replaced" must be liberally interpreted as a temporary substitution and not as a permanent replacement. While we acknowledge that an ambiguity in an insurance policy must be construed in favor of coverage, we conclude that Allstate is not obligated to provide coverage even under the more liberal definition advanced by appellants. We conclude that the evidence in this case was sufficient to support a finding that the rental car was not a substitute for Dubois' insured vehicles. James, not Dubois, rented the car. James signed the rental agreement and paid for the car, and she expressly agreed in her rental contract that she was the only person authorized to drive the rental car. Mitchell testified that James merely requested that Dubois drive the rental car out of town. Under these circumstances, the trial court did not err when it concluded that the rental car was not a replacement for Dubois' vehicles.
Appellants contend that the trial court erroneously relied on Brescoll v. Nationwide Mut. Ins. Co. (1961), 116 Ohio App. 537, 541, for the proposition that the test to be applied in construing the word "replacement" "is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would have understood them to mean." Appellant argues that this test is no longer applicable in light of the rule of law that requires that ambiguities be liberally construed in favor of coverage. We note that the rule requiring liberal interpretation of an ambiguous insurance contract predated Brescoll. We conclude that Brescoll is consistent with the rule of liberal construction, in that Brescoll resolved ambiguities in the word "replacement" in favor of the broader interpretation suggested by the insured and not the more narrow interpretation advanced by the insurance company. Moreover, we note that the Brescoll court interpreted the word "replacement" as "a substitute," the same definition advanced by appellants. See id. We overrule appellants' first assignment of error.
By their second assignment of error, appellants contend that the trial court erred in adopting the magistrate's decision because the decision was based on erroneous rulings with regards to the admission of evidence. Specifically, appellants contend that the magistrate and trial court erroneously excluded portions of Mitchell's deposition testimony that dealt with Mitchell's opinions that Dubois' vehicles would not make the trip from Ohio to Alabama.
"The admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon the showing of an abuse of that discretion." Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296, 299. "Abuse of discretion" denotes more than an error of law. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. To warrant reversal, therefore, the trial court's discretionary evidentiary ruling must be unreasonable, arbitrary, or unconscionable. Id.
We conclude that the trial court did not abuse its discretion when it excluded the testimony at issue. Allstate objected when appellants asked Mitchell questions about how or why someone decided to drive a rental car to Alabama. Mitchell had testified that she did not participate in the decision to rent a car, and she stated that "[i]f [a decision to use a rental car] was made, it wasn't made by me." Pursuant to Evid.R. 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that [the witness] has personal knowledge of the matter." In light of the fact that Mitchell's disavowed personal knowledge regarding the decision to rent a car, the trial court did not abuse its discretion when it excluded the testimony at issue. Appellants' second assignment of error is, therefore, overruled.
For the foregoing reasons, we overrule appellants' assignments of error and affirm the judgments of the Franklin County Court of Common Pleas.
 _________________________ KENNEDY, J.
DESHLER and TYACK, JJ., concur.