**Ricco D. SPENCER and Raphael Bynoe, Appellants–Plaintiffs,**

v.

**William E. BRIDGEWATER and National Insurance Association, Appellees–Defendants.**

No. 84A01–0104–CV–134.

Court of Appeals of Indiana.

Oct. 26, 2001.

---

John P. Nichols, Anderson & Nichols, Terre Haute, IN, Attorney for Appellants.

Mark D. Hassler, Hunt, Hassler & Lorenz, Terre Haute, IN, Attorney for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Raphael Bynoe appeals the trial court's entry of partial summary judgment in favor of National Insurance Association ("NIA"). He raises the following issues for our review, which we restate as:

1. Whether Bynoe is entitled to uninsured/underinsured motorist coverage under the NIA insurance policy.

2. Whether NIA acted in bad faith when it denied Bynoe coverage under the uninsured/underinsured provisions of Boyd's policy.

We affirm in part, reverse in part and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On May 6, 1999, Ricco Spencer was driving an automobile owned by Debra A. Boyd and insured by NIA. Spencer was driving the automobile with Boyd's permission, and Bynoe was a passenger in the automobile. Spencer collided with an automobile driven by William Bridgewater, who was uninsured, and Bynoe was injured as a result.

Bynoe and Spencer filed a joint complaint for damages against NIA and asserted that they were entitled to coverage under the uninsured/underinsured provisions of Boyd's automobile insurance policy with NIA. They further claimed that NIA acted in bad faith when it refused to provide them coverage under the uninsured/underinsured provisions of Boyd's policy. NIA subsequently filed a motion for partial summary judgment against Bynoe, alleging that he was not covered under the uninsured/underinsured provisions of the NIA policy, and the trial court granted the motion. This appeal followed.

### DISCUSSION AND DECISION

#### Standard of Review

▮ When reviewing a grant or denial of summary judgment, this court views the same matters and issues that were before the trial court and follows the same process. *Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P.*, 727 N.E.2d 466, 469 (Ind.Ct.App.2000), *trans. denied.* We construe all facts and reasonable infer-

ences to be drawn from those facts in favor of the non-moving party. *Jesse v. American Cmty. Mut. Ins. Co.*, 725 N.E.2d 420, 423 (Ind.Ct.App.2000), *trans. denied.* Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Zawistoski v. Gene B. Glick Co., Inc.*, 727 N.E.2d 790, 792 (Ind. Ct.App.2000).

## Issue One: Uninsured/Underinsured Coverage

Bynoe contends that he is covered under the uninsured/underinsured provisions of Boyd's NIA policy and is, therefore, entitled to compensation for his injuries that resulted from the collision. We agree.

Indiana's uninsured motorist statute requires that insurers make uninsured and underinsured motorist coverage available to insureds in every automobile liability policy. *Harden v. Monroe Guar. Ins. Co.*, 626 N.E.2d 814, 818 (Ind.Ct.App. 1993). Here, Boyd's NIA policy includes

uninsured/underinsured motorist coverage, which defines an "insured person" in relevant part as "any person occupying your insured car." Appellant's App. at 42–43. If the insurance policy language is clear and unambiguous, courts give to that language its plain and ordinary meaning and enforce the contract according to its terms. *Rice v. Meridian Ins. Co.*, 751 N.E.2d 685 (Ind.Ct.App.2001). The parties do not dispute that Bynoe was occupying Boyd's insured car at the time of the accident. Thus, we conclude that the language of Boyd's policy unambiguously provides coverage to Bynoe as a defined insured under the uninsured/underinsured provision and that the trial court erred when it granted partial summary judgment in favor of NIA on this issue.[1]

## Issue Two: Bad Faith

Bynoe also asserts that NIA acted in bad faith by denying him compensation under the uninsured/underinsured provisions of Boyd's policy. An insurer owes a duty of good faith to its insured, the breach of which gives rise to a tort action. *Menefee v. Schurr*, 751 N.E.2d 757, 760 (Ind.Ct.App.2001) (citing *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993)).[2] However, a new cause of action

---

1. In support of their arguments on appeal, both Bynoe and NIA cite extensively to *Thomas v. Victoria Fire and Cas. Ins. Co.*, 706 N.E.2d 212 (Ind.Ct.App.1999) and *Indiana Farmers Mut. Ins. Co. v. Speer*, 407 N.E.2d 255 (Ind.Ct.App.1980). *Thomas* follows a line of Indiana cases that interpret *Speer* to hold that the legislature intended only those persons covered under the liability provisions of an insurance policy should be entitled to coverage under the uninsured/underinsured motorist provision. *See Thomas*, 706 N.E.2d at 215; *Harden v. Monroe Guar. Ins. Co.*, 626 N.E.2d 814, 818 (Ind.Ct.App.1993); *Connell v. Am. Underwriters, Inc.*, 453 N.E.2d 1028, 1030 (Ind.Ct.App.1983). We disagree to the extent that the parties may well contract for

broader coverage. *See Thomas*, 706 N.E.2d at 216 (Garrard, J., dissenting). However, even if we were to follow that rationale, Bynoe would be entitled to coverage under the uninsured/underinsured provisions of Boyd's policy because Bynoe, as Spencer's passenger, was "using" Boyd's automobile within the scope of the permission Boyd had given Spencer, as required by the liability provisions of her policy.

2. Again, we find that Bynoe was an "insured" under the provisions of Boyd's NIA policy. Thus, NIA owed a duty of good faith to Bynoe in considering his claim. *See Menefee*, 751 N.E.2d at 760.

does not arise every time an insurance claim is erroneously denied. *Erie*, 622 N.E.2d at 520. An insurance company has the right to a good faith dispute with its insured with respect to coverage, primarily where the coverage presents an issue of first impression. *Hoosier Ins. Co. v. Audiology Found. of Am.*, 745 N.E.2d 300, 311 (Ind.Ct.App.2001). This is true even if it is ultimately determined that the insurer breached its contract. *Erie*, 622 N.E.2d at 520. "That insurance companies may, in good faith, dispute claims, has long been the rule in Indiana." *Id.* Moreover, "a finding of bad faith requires evidence of a state of mind reflecting a dishonest purpose, moral obliquity, furtive design, or ill will." *Hoosier*, 745 N.E.2d at 310 (citing *Colley v. Indiana Farmers Mut. Ins. Group*, 691 N.E.2d 1259, 1261 (Ind.Ct.App. 1998)). Poor judgment and negligence, therefore, do not amount to bad faith; the additional element of conscious wrongdoing must be present. *Id.*

In this case, Bynoe's sole contention in support of finding bad faith is the fact that NIA wrongfully denied his claim for uninsured/underinsured coverage. NIA's improper denial of coverage, however, without more, does not amount to bad faith. Bynoe would be required to show that NIA acted with the requisite culpability in denying his coverage. *See Id.* Bynoe has failed to demonstrate that NIA had ill will or engaged in conscious wrongdoing in denying his claim. Indeed, NIA had the right to dispute Bynoe's coverage in good faith and should be afforded some latitude because the coverage at issue presented an issue of first impression for this court. *See Id.* at 311. We therefore hold that the trial court properly granted partial summary judgment with respect to Bynoe's bad faith claim.

### Conclusion

In sum, we reverse the trial court's grant of partial summary judgment with respect to NIA's denial of coverage. As an occupant of Boyd's insured automobile, Bynoe is entitled to coverage under the uninsured/underinsured provisions of the NIA policy. We affirm the trial court's grant of summary judgment regarding Bynoe's bad faith claim in that NIA had the right to dispute his coverage in good faith.

Affirmed in part, reversed in part and remanded for further proceedings.

SHARPNACK, C.J., and RILEY, J., concur.