AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Appellant/Defendant,

v.

FEDERATED MUTUAL INSURANCE
COMPANY, Appellee/Co–
Defendant,

and

Mark Bloom, Co–Defendant,

and

Patricia A. Brown and Daniel
V. Brown, Plaintiffs.

No. 49A05–0203–CV–115.

Court of Appeals of Indiana.

Oct. 3, 2002.

W. Brent Threlkeld, Neal F. Eggeson, Jr., Threlkeld & Reynolds, LLP, Indianapolis, IN, Attorneys for Appellant.

Donald G. Orzeske, Jennifer L. Blackwell, Kari H. Halbrook, Goodin, Orzeske & Blackwell, P.C., Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, American Family Mutual Insurance Company ("American Family"), appeals from the trial court's granting of summary judgment in favor of the Appellee Defendant, Federated Mutual Insurance Company ("Federated").

·We reverse and remand.[1]

### ISSUE

American Family raises one (1) issue for our review, which we restate as follows: whether the trial court erred in granting summary judgment in favor of Federated by determining that Federated was not required to honor its policy of insurance and provide uninsured motorist coverage to the Appellees Plaintiffs, Patricia A. Brown and Daniel V. Brown ("Patricia"

---

1. Oral argument was held in this case on July 23, 2002 in Indianapolis, Indiana.

and "Daniel" individually and "the Browns" collectively).[2]

## FACTS AND PROCEDURAL HISTORY

On January 2, 1999, at approximately 1:07 p.m., Daniel was operating a 1998 Ford van southbound on Shelby Street in Indianapolis, Indiana. Patricia was a passenger in the van. At that time, a 1982 Ford F150 truck registered to Mark Bloom ("Bloom"), was parked unattended while idling in a gas station parking lot near 1600 Shelby Street. As the Browns proceeded southbound on Shelby Street, the unattended Ford F150 slipped into gear, rolled out of the gas station parking lot into traffic and collided with the van driven by the Browns. Bloom was uninsured at the time of this collision.

The van occupied by the Browns belonged to Daniel's employer, Allied Equipment Service Corporation ("Allied"), and was insured under a commercial insurance policy issued by Federated. After learning about the status of Bloom's insurance coverage, the Browns filed a claim with Federated in order to recover for injuries sustained in the collision. Federated is an insurance company authorized to write policies in Indiana. On the day of the accident, Federated covered Allied with a policy of insurance. At the same time, American Family provided uninsured motorist coverage to the Browns under their personal automobile insurance policy.

On January 5, 2001, Chuck Standiford (Standiford), a Federated claims supervisor, sent a letter to the Browns' counsel denying their claim based on the policy language that limited uninsured and underinsured motorist coverage to "directors, officers, partners, and owners of the named insured" and "his or her family members." (Appellant's App. pp. 39, 84). Specifically, the letter stated the following:

[I]t is our position that the uninsured and underinsured motorists coverage afforded under our insured's policy provides coverage subject to a $500,000 limit for any director, officer, partner, or owner of the named insured and his or her "family member" who qualify as an "insured." For any other person qualifying as an "insured," no uninsured and/or underinsured motorist coverage is provided by our insured's business auto policy.

I have confirmed with the president of [Allied] that neither Dan Brown or Patricia Brown qualify as a director, officer, partner, or owner of [Allied]. This being the case, it is our position that no underinsured or uninsured motorist bodily injury coverage is available under our policy to respond to [the Browns'] uninsured bodily injury claim.

(Appellant's App. p. 84).

Consequently, on December 27, 2000, the Browns filed a Complaint for Damages with Jury Demand alleging tortious conduct by Bloom. The Complaint also brought claims for uninsured motorist benefits against Federated and American Family. On February 8, 2001, Bloom filed his Answer. American Family filed its Answer to the Browns' Complaint for Damages, Affirmative Defenses and Request for Jury Trial on February 23, 2001. On April 9, 2001, Federated filed its Answer to the Browns' Complaint for Damages with Jury Demand.

On May 14, 2001, Federated filed its Verified Brief in Support of Motion for Summary Judgment and for Costs, Including Attorney's Fees. Federated argued that the Browns' claim should be dismissed

---

**2.** The Browns agree with the statements contained in American Family's brief. Therefore, the Browns adopt by reference and join American Family's brief, pursuant to Indiana Rules of Appellate Procedure, Rule 46(G).

because Federated's uninsured motorist coverage was limited to "directors, officers, partners, and owners of the named insured" and "his or her family members." (Appellant's App. pp. 12–3).

On June 8, 2001, American Family filed its Cross Motion for Summary Judgment and Brief Opposing Federated Mutual Insurance Company's Motion for Summary Judgment. In this motion, American Family argued that the Browns were primarily covered under the Federated insurance policy, rendering American Family's uninsured motorist coverage secondary to Federated's uninsured motorist coverage. American Family also claimed that Federated's position that uninsured motorist coverage applied only to directors, officers, partners, and owners of the named insured and his or her family members violated Ind.Code § 27–7–5–2.

Federated filed its Response to American Family's Cross Motion for Summary Judgment on August 21, 2001. Federated claimed that Patricia failed to qualify as an insured for liability purposes and, therefore, she was not entitled to uninsured motorist coverage under the insurance policy issued by Federated to Allied. On September 17, 2001, American Family filed its reply brief. On December 17, 2001, a hearing was held on all of the motions for summary judgment. On February 6, 2002, the trial court issued its Order on Federated Mutual Insurance Company's Motion for Summary Judgment and for Costs, Including Attorney Fees. The Order stated, in pertinent part, as follows:

This cause comes before the Court on the Verified Motion of [Federated] for Summary Judgment and for Cost, Including Attorney's Fees, pursuant to Indiana Rules of Procedure, Trial Rule 56. The Court having found that there is no genuine issue of fact to be submitted to a jury, now concludes that Defen-

dant Federated is entitled to judgment as a matter of law.

IT IS HEREBY ORDERED that the Motion of Defendant Federated for Summary Judgment is granted. There being no just reason for delay, final judgment shall be, and is hereby entered in favor of the Defendant Federated, dismissing this action with prejudice as against this Defendant only.

(Appellant's App. p. 7).

American Family now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *American Family Mut. Ins. Co. v. Hall*, 764 N.E.2d 780, 783 (Ind.Ct.App.2002). We consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* Summary judgment should be granted only when the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. The grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Ayres v. Indian Heights Volunteer Fire Dep't, Inc.*, 493 N.E.2d 1229, 1234 (Ind.1986).

*II. Who is an "Insured" Under the Insurance Policy Issued to Allied by Federated?*

American Family argues that the trial court erred in granting Federated's motion for summary judgment. Specifically, American Family contends that the Browns are entitled to uninsured motorist coverage under the policy of insurance issued by Federated to Allied because Patricia is an "insured" as defined by the terms of the policy.

On January 2, 1999, the date of the accident, Allied was insured by Federated under a commercial insurance policy that included a business auto coverage form providing one million dollars ($1,000,000) of liability coverage and an endorsement providing five hundred thousand dollars ($500,000) of uninsured motorist coverage and five hundred thousand dollars ($500,-000) of underinsured motorist coverage "for any director, officer, partner, or owner of the named insured and his or her family members who qualify as an "insured" under the WHO IS INSURED provision of the Uninsured and Underinsured Motorist Coverage." (Appellant's App. p. 61).

Section II of the Business Auto Coverage Form of the Federated insurance policy which provides for liability coverage states, in pertinent part, as follows:

A. COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

1. WHO IS AN INSURED

The following are "insureds":

a. You for any covered "auto."

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow . . .

(Appellant's App. p. 39).

The insurance provided under the Business Auto Coverage Form is modified by an endorsement entitled "INDIANA UNINSURED MOTORIST COVERAGE." The endorsement, in pertinent part, provides:

A. COVERAGE

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." The damage must result from:

a. "Bodily injury" sustained by the "insured" and caused by an "accident." with an "uninsured motor vehicle," or

b. "Property damage" caused by an "accident" with an "uninsured motor vehicle" if the Schedule of Declarations indicates that both "bodily injury" and "property damage" Uninsured Motorist insurance apply.

The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle."

B. WHO IS INSURED

1. You.

2. If you are an individual, any "family member."

3. Anyone else "occupying" a covered "auto" . . . .

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

(Appellant's App. p. 59).

Under the policy, the term "You" refers to the named insured, Allied. However,

the definition of an "insured" expands beyond the named insured under both the liability section and the uninsured motorist coverage endorsement section of the policy. As shown above, Section II Liability Coverage of the Business Auto Coverage Form expands the definition of an "insured" to "[a]nyone else while using with your permission a covered 'auto' you own, hire, or borrow." (Appellant's App. p. 39). Additionally, the uninsured motorist endorsement defines an "insured" as "[a]nyone else 'occupying' a covered 'auto.'" (Appellant's App. p. 59).

American Family contends that Patricia is covered under the uninsured motorist endorsement of Allied's insurance policy from Federated and, therefore, is entitled to compensation for her injuries that resulted from the collision. We agree.

■ Indiana's uninsured motorist statute, I.C. § 27-7-5-2 requires that insurers make uninsured motorist coverage available to insureds in every automobile liability policy. *Harden v. Monroe Guar. Ins. Co.*, 626 N.E.2d 814, 818 (Ind.Ct.App. 1993). Here, Allied's policy includes an uninsured motorist coverage endorsement, which defines an "insured" in relevant part as "anyone else 'occupying' a covered 'auto.'" (Appellant's App. p. 59). If the insurance policy language is clear and unambiguous, courts give to that language its plain and ordinary meaning and enforce the contract according to its terms. *Rice v. Meridian Ins. Co.*, 751 N.E.2d 685 (Ind. Ct.App.2001), *trans. denied.* The parties do not dispute that Patricia was occupying Allied's insured van at the time of the accident.[3] Thus, we conclude that the language of Allied's policy unambiguously provides coverage to Patricia as a defined "insured" under the uninsured motorist endorsement.

■ Our decision is guided by the general rules of contract interpretation. The provisions of an insurance policy are subject to the same rules of interpretation and construction as are other contract terms. *Rice*, 751 N.E.2d at 688. We must interpret the language of a contract so "as not to render any words, phrases, or terms ineffective or meaningless." *Bicknell Minerals, Inc. v. Tilly*, 570 N.E.2d 1307, 1316 (Ind.Ct.App.1991), *trans. denied.* We may not rewrite an insurance contract. *Baxter v. I.S.T.A. Ins. Trust*, 749 N.E.2d 47, 51 (Ind.Ct.App.2001).

■ In the present case, Federated argues that the terms of the policy must be read together in order to give effect to the whole policy. Federated maintains that Patricia is not an "insured" under the liability section of the policy because she was not "using" the covered auto. Consequently, Federated asserts that Patricia fails to qualify as an "insured" under the uninsured motorist coverage endorsement. In raising this argument, we note that Federated follows a line of Indiana cases that interprets the legislative purpose of Indiana's uninsured motorist statute as a way to protect the insured. These cases hold that the legislature intended only those persons covered under the liability provisions of an insurance policy should be entitled to coverage under the uninsured motorist provision. *See Indiana Farmers Mut. Ins. Co. v. Speer*, 407 N.E.2d 255, 259 (Ind.Ct.App.1980); *Thomas v. Victoria Fire and Cas. Ins. Co.*, 706 N.E.2d 212, 215 (Ind.Ct.App.1999); *Harden v. Monroe Guar. Ins. Co.*, 626 N.E.2d 814, 818 (Ind. Ct.App.1993). However, we have recently rejected the argument that the most reasonable interpretation of our uninsured motorist coverage statute is one that results in coverage when the person is listed

---

**3.** Under Federated's uninsured motorist coverage endorsement, the term "occupying" is defined as "in, upon, getting in, on, out, or off." (Appellant's App. p. 57).

as a person insured under the liability portion of the policy. *See Spencer v. Bridgewater,* 757 N.E.2d 208 (Ind.Ct.App. 2001); *Bowen v. Monroe Guar. Ins. Co.,* 758 N.E.2d 976 (Ind.Ct.App.2001).

In *Spencer,* we held that a passenger who was injured in an automobile accident with an uninsured vehicle, while the automobile was driven by a third-party with the owner's permission, was covered under the uninsured and underinsured provisions of the owner's automobile policy, even assuming that uninsured and underinsured motorist coverage was limited to those with liability coverage, where the policy defined an insured person as "any person 'occupying' the insured vehicle." *Id.* at 211. In the instant case, Patricia was a passenger who was injured in an automobile accident with an uninsured vehicle. The record also indicates that Daniel was using the van with Allied's permission. Moreover, the policy defines an "insured" as "any person 'occupying' the insured vehicle." As determined above, Patricia was occupying the Allied van insured by Federated. Therefore, we find that Patricia was "using" Allied's van within the scope of permission that Allied had given to Daniel, as required by the liability provisions of the policy issued to Allied by Federated. *See id.* Consequently, we find that Patricia is entitled to coverage under the uninsured motorist coverage endorsement of Allied's policy even if we followed Federated's rationale.

Furthermore, in *Bowen,* we held that looking only to the liability section of an insurance policy ignores the plain meaning of the language used by the insurance company in its uninsured motorist section of their policy and would effectively rewrite the policy. *Bowen,* 758 N.E.2d at 980. The policy issued to Allied by Federated clearly extends uninsured motorist coverage to Patricia because she was "occupying" a covered vehicle. If Federated wished to limit uninsured motorist coverage, it should have explicitly done so in the insurance contract. Instead, Federated expanded the definition of an "insured" under its uninsured motorist coverage endorsement and placed limits on the amount of coverage in the uninsured/underinsured motorist limit of insurance endorsement section of the policy. If we follow the uninsured/underinsured motorist coverage limit of insurance endorsement, we would render the portion defining who is an "insured" for purposes of uninsured motorist coverage under the policy completely ineffective and meaningless. Moreover, it is disingenuous for Federated to provide coverage on the one hand and attempt to take the coverage away with the other hand. *See American States v. Braden,* 625 N.E.2d 1252, 1258 (Ind.Ct.App.1993), *trans. denied.*

With all of the above in mind, we find that the trial court erred in concluding, as a matter of law, that Patricia was not an "insured" under the policy issued to Allied by Federated. Thus, we conclude that the trial court erred when it granted summary judgment in favor of Federated.

### III. *Availability of Coverage*

■ The policy of insurance issued to Allied by Federated contains an endorsement entitled Uninsured and Underinsured Motorists Limit of Insurance, which reads, in pertinent part, as follows:

1. For any director, officer, partner or owner of the named insured and his or her "family member" who qualify as an "insured" under the WHO IS INSURED provision of the Uninsured and Underinsured Motorists Coverage attached to this policy, the limit of insurance shall be as follows:
 $500,000 Uninsured Motorists
 $500,000 Underinsured Motorists Limit of Insurance

2. For any other person qualifying as an "insured" under the WHO IS AN INSURED provision of the applicable coverage, the limit shown below shall apply. If no limit is shown below, no coverage is afforded to any other person.

[No limit shown] Limit of Insurance

(Appellant's App. p. 61).

American Family asserts that the above endorsement is void under Indiana law and contrary to public policy due to the fact that it limits who is insured and the amount of coverage provided to any director, officer, partner or owner of the named insured and his or her family member who qualify as an "insured" under the WHO IS INSURED provision of the Uninsured Motorists Coverage endorsement. (Appellant's App. p. 61). Further, American Family maintains that Federated must provide uninsured motorist coverage in limits at least equal to the limits of liability specified in the bodily injury liability provisions of Allied's policy, unless such coverage has been rejected in writing by Allied.

I.C. 27–7–5–2, in pertinent part, states: (a) The insurer shall make available, in each automobile liability or motor vehicle liability policy of insurance which is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property to others arising from the ownership, maintenance, or use of a motor vehicle, or in a supplement to such a policy, the following types of coverage: (1) in limits for bodily injury or death and for injury to or destruction of property not less than those set forth in IC 9–25–4–5 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, and for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles for injury to or destruction of property resulting therefrom; or

. . .

The uninsured and underinsured motorist coverages must be provided by insurers for either a single premium or for separate premiums, in limits at least equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured. However, underinsured motorist coverage must be made available in limits of not less than fifty thousand dollars ($50,000). At the insurer's option, the bodily injury liability provisions of the insured's policy may be required to be equal to the insured's underinsured motorist coverage. Insurers may not sell or provide underinsured motorist coverage in an amount less than fifty thousand dollars ($50,000). Insurers must make underinsured motorist coverage available to all existing policyholders on the date of the first renewal of existing policies that occurs on or after January 1, 1995, and on any policies newly issued or delivered on or after January 1, 1995. Uninsured motorist coverage or underinsured motorist coverage may be offered by an insurer in an amount exceeding the limits of liability specified in the bodily injury and property dam-

age liability provisions of the insured's policy.

(b) Any named insured of an automobile or motor vehicle liability policy has the right, on behalf of all other named insureds and all other insureds, in writing, to:

(1) reject both the uninsured motorist coverage and the underinsured motorist coverage provided for in this section . . .

 I.C. § 27–7–5–2 is a mandatory coverage, full-recovery, remedial statute. *Veness v. Midland Risk Ins. Co.,* 732 N.E.2d 209, 212 (Ind.Ct.App.2000). It requires insurers operating within Indiana to set minimum standards of protection that the legislature deemed acceptable. *Id.* This court will not approve any clause, exception, or exclusion that attempts to subvert or narrow the intent of the legislature. *Id.* Any language in an insurance policy that dilutes statutory protections is contrary to public policy. *Braden,* 625 N.E.2d at 1257.

 Generally, an insurer has the right to limit its coverage of risks and its liability, and in so doing may impose exceptions, conditions, and exclusions upon its contractual obligations that are not inconsistent with public policy. *American Family Life Assurance Co. v. Russell,* 700 N.E.2d 1174, 1177 (Ind.Ct.App.1998), *trans. denied.* Where a contract actually contravenes a statute, the court's responsibility is to declare the contract void. *Veness,* 732 N.E.2d at 211. Therefore, it is crucial that the court determines whether a contract actually contravenes the statute. *Id.* Because we value the freedom to contract so highly, we will not find that a contract contravenes a statute unless the language of the implicated statute is clear and unambiguous that the legislature intended that the courts not be available for either party to enforce a bargain made in violation thereof. *Id.*

In the instant case, Federated claims that when the policy was effectuated Allied knew that uninsured motorist coverage was only available to officers, directors, partners, and owners, and their family members while occupying the vehicles covered by the policy. Therefore, Federated maintains that its policy does not contravene I.C. § 27–7–5–2. However, we find that Federated cannot rewrite its policy to exclude uninsured motorist coverage and subvert the protections of I.C. § 27–7–5–2. Thus, Federated's attempt to exclude the Browns from uninsured motorist coverage because they are not directors, officers, partners, and owners of the named insured is void under Indiana law and cannot be condoned by this court.

As stated above, I.C. § 27–7–5–2 requires that Federated provide insurance coverage to "persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury. . . ." In the present case, we have determined that Patricia is an "insured" under the terms of the Federated policy. Accordingly, we find that Federated is required to provide Patricia with uninsured motorist coverage under I.C. § 27–7–5–2(a).

 Moreover, we hold that Patricia must be provided uninsured motorist coverage in an amount that meets or exceeds the limits of liability specified in the bodily injury liability provision of Federated's policy because Federated failed to produce evidence that Allied expressly waived this statutory requirement in writing. Failure to obtain written rejection of uninsured motorist coverage will require an insurer to provide uninsured motorist coverage equal to bodily injury liability limits. *See Skrzypczak v. State Farm Mut. Auto. Ins.,* 668 N.E.2d 291 (Ind.Ct. App.1996); I.C. § 27–7–5–2(b)(1). Here,

there is no written rejection of full-liability limits of uninsured motorist coverage by Allied. Therefore, Patricia is entitled to the liability limits of the policy, i.e. one million dollars ($1,000,000). It is well settled that the purpose of uninsured motorist coverage is to place the person insured under a policy in substantially the same position as if the offending party had complied with the minimum requirements of the financial responsibility laws. *Smith v. Allstate,* 681 N.E.2d 220, 222 (Ind.Ct.App. 1997). As a result, we find that Patricia, as an "insured," is entitled to uninsured motorist coverage in order to be placed in the same position as if Bloom had complied with the minimum requirements of the financial responsibility laws.

▆ Additionally, we find that Federated's attempt to reduce uninsured motorist coverage to zero dollars ($0) for any other person qualifying as an "insured" under the WHO IS AN INSURED provision of the applicable coverage contravenes public policy because it dilutes statutory protections. Any insurance language that dilutes statutory protection is contrary to public policy. *Braden,* 625 N.E.2d at 1257. Here, the insurance language reducing coverage to zero dollars ($0) for any other person qualifying as an "insured" under the WHO IS AN INSURED provision of the applicable coverage dilutes the protections of I.C. § 27–7–5–2. As stated above, Patricia must be provided with uninsured motorist coverage in an amount that meets or exceeds the limits of liability specified in the bodily injury liability provision of the policy issued to Allied by Federated. *See* I.C. 27–7–5–2(a).

### CONCLUSION

Based on the foregoing, we reverse the trial court's grant of summary judgment in favor of Federated. As an "insured" under Allied's policy, Patricia is entitled to coverage under the uninsured motorist coverage endorsement. Therefore, we hold that Federated must honor its policy of insurance and provide uninsured motorist coverage to the Browns.

Reversed and remanded for proceedings not inconsistent with this opinion.

MATTINGLY–MAY, J., and VAIDIK, J., concur.