Josif OBETKOVSKI, Appellant–Petitioner,

v.

INLAND STEEL INDUSTRIES, Appellee–Respondent.

No. 93A02–0812–EX–1182.

Court of Appeals of Indiana.

July 7, 2009.

Publication Ordered Aug. 10, 2009.

Joseph Banasiak, Highland, IN, Attorney for Appellant.

Michael D. Sears, Jacquelyn S. Pillar King, Munster, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant Josif Obetkovski appeals the decision of the Worker's Compensation Board ("Board") denying his application for benefits.

We affirm.

In appealing the Board's denial of benefits, Obetkovski presents two issues, which we restate as:

I. Whether the Board erred by finding that Obetkovski failed to give Inland notice of the alleged work-relatedness of his injury and that this failure prejudiced Inland.

II. Whether the Board erred by concluding that Obetkovski did not suffer a compensable injury in the course and scope of his employment with Inland.

On October 16, 1991, Obetkovski fell from a ladder while working at Inland. Obetkovski had some pain in his lower back, and he was "a little bit" sore following his fall, but he believed he would "be okay." Appellant's Appendix at 53. Obet-kovski reported for work the following day and spoke with Jim Connelly, an Inland foreman. Connelly was aware of Obetkovski's fall the previous day, and he advised Obetkovski to go to the clinic at Inland. Obetkovski refused and continued to work for Inland without restriction until September 30, 1992. In October 1992, Obetkovski first sought treatment for his alleged work injury, and he continued to be seen by his doctor numerous times from October 1992 to October 1998 with complaints of neck pain, dizziness, and headaches.

Obetkovski did not report his alleged injury to the Inland Clinic until January 1993. Select medical records from the Inland Clinic were submitted by the parties as a stipulated exhibit for the hearing in front of the Single Hearing Member, and these records show that Obetkovski received care from the clinic from January 1993 to September 1993.

On October 13, 1993, Obetkovski filed an application for adjustment of claim with the Indiana Worker's Compensation Board. On November 15, 2007, a hearing was held on Obetkovski's claim before a Single Hearing Member of the Worker's Compensation Board. On January 9, 2008, the Single Hearing Member issued his findings of fact and conclusions of law, including the parties' stipulated facts. The Single Hearing Member determined that Obetkovski was not entitled to compensation under the Indiana Worker's Compensation Act. Obetkovski applied for review by the Full Board.

On October 20, 2008, the full Worker's Compensation Board heard Obetkovski's claim. In its decision of December 9, 2008, the Full Board adopted the decision of the Single Hearing Member. Obetkovski is now appealing the decision of the Full Board.

Upon review of a decision of the full Worker's Compensation Board, we are bound by the factual determinations of the Board and may only consider errors in the Board's conclusions. *Gonzalez v. Wal–Mart Associates, Inc.*, 881 N.E.2d 19, 23 (Ind.Ct.App.2008). We will not disturb the Board's factual determinations unless the evidence is undisputed and leads inescapably to a contrary result. *Christopher R. Brown, D.D.S., Inc. v. Decatur County Memorial Hospital*, 892 N.E.2d 642, 646 (Ind.2008). Accordingly, on review of the Board's findings of fact, we must disregard all evidence unfavorable to the decision and may consider only the evidence and reasonable inferences drawn therefrom that support the Board's findings. *Inland Steel Co. v. Pavlinac*, 865 N.E.2d 690, 697 (Ind.Ct.App.2007). When reviewing a decision made by the Board, we neither reweigh the evidence nor assess the credibility of the witnesses. *Colburn v. Kessler's Team Sports*, 850 N.E.2d 1001, 1005 (Ind. Ct.App.2006), *reh'g denied, trans. denied.* While we are not bound by the Board's legal conclusions, we will disturb the Board's conclusions only if it incorrectly interpreted the Worker's Compensation Act. *Inland Steel Co.*, 865 N.E.2d at 697. It is the claimant's burden to prove a right to compensation under the Worker's Compensation Act. *Danielson v. Pratt Industries, Inc.*, 846 N.E.2d 244, 247 (Ind.Ct. App.2006).

Obetkovski first contends that the Board erred by finding that he failed to give Inland notice of the alleged work-relatedness of his injury and that this failure prejudiced Inland. Obetkovski challenges the Board's Finding of Fact # 33 and its Conclusions of Law # # 4 and 5. We will address each in turn.

The Full Board concurred with and adopted the Single Hearing Member's Finding # 33, which states: "Plaintiff did not give Defendant notice of the alleged work relatedness of his injury." Finding of Fact # 33, Appellant's App. at 16. Obetkovski claims that the evidence shows that he gave notice to Inland.

Ind.Code § 22–3–3–1 governs the notice of injury under the worker's compensation system, and it provides:

> Unless the employer or his representative shall have actual knowledge of the occurrence of an injury or death at the time thereof or shall acquire such knowledge afterward, the injured employee or his dependents, as soon as practicable after the injury or death resulting therefrom, shall give written notice to the employer of such injury or death.
>
> Unless such notice is given or knowledge acquired within thirty (30) days from the date of the injury or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained. No lack of knowledge by the employer or his representative, and no want, failure, defect or inaccuracy of the notice shall bar compensation, unless the employer shall show that he is prejudiced by such lack of knowledge or by such want, failure, defect or inaccuracy of the notice, and then only to the extent of such prejudices.

In support of his argument that he provided proper notice to Inland, Obetkovski points to the parties' stipulated facts that "on October 16, 1991, Plaintiff fell from a ladder while working on Defendant's premises," Finding of Fact # 3, Appellant's App. at 13, and "[t]he hourly supervisor on Plaintiff's shift, James Connelly, was informed of Plaintiff's accident within twenty-four (24) hours of the occurrence." Finding of Fact # 6, Appellant's App. at 13. In addition, Obetkovski cites to his testimony that he reported the accident to foreman James Connelly and another supervisor named Mitch. Obetkovski thus

concludes that he properly gave notice to Inland because two Inland supervisors were aware of the accident within twenty-four hours of its occurrence.

The statute requires notice of the injury, not notice of the accident. Obetkovski is correct that Inland had notice of his accident, but Inland had no notice of any alleged ensuing injury. The parties' stipulated facts state that James Connelly, a foreman at Inland, was informed of Obetkovski's accident within twenty-four hours of its occurrence, that Connelly advised Obetkovski to go to the clinic, and that Obetkovski refused to visit the clinic for treatment. *See* Stipulated Facts # # 4 and 5, Appellant's App. at 76–78. At the November 2007 hearing in front of the Single Hearing Member, Obetkovski testified that he was "a little bit" sore after the fall but believed that he would "be okay." Transcript of Hearing, Appellant's App. at 53. Obetkovski's testimony reiterated the information contained in the parties' stipulated facts. Obetkovski testified that when he reported to work the following day, he discussed the accident with Foreman Connelly and reported it to a second foreman known only as Mitch. Obetkovski also testified that although Foreman Connelly told him to go to the Inland Clinic for treatment, he declined saying he was "going to be okay." Appellant's App. at 55.

Obetkovski continued to work without restriction at Inland, including overtime, from October 1991 until September 30, 1992. At his employment-related periodic medical exam in June 1992, Obetkovski failed to report his alleged work injury from his fall in October 1991. Moreover, at this exam, Obetkovski specifically denied any back pain and was noted to have "Good ROM [range of motion]" in his back. Appellant's App. at 89. Obetkovski first sought treatment from his physician for this alleged injury on October 1, 1992. On October 20, 1992, Obetkovski submitted his application for Sickness and Accident Benefits and claimed within the application that he was injured at work on October 16, 1991. As part of the application process, he was examined at the Inland Clinic in January 1993. The parties stipulated that Obetkovski did not report his alleged injury to the Inland Clinic until January 1993. Stipulated Fact # 3, Appellant's App. at 76.

We will not disturb the Board's factual determinations unless the evidence is undisputed and leads inescapably to a result contrary to the Board's determination. *Brown, D.D.S., Inc.*, 892 N.E.2d at 646. Additionally, we do not reweigh the evidence or assess the credibility of witnesses. *Colburn*, 850 N.E.2d at 1005. Based upon the facts before the Board, Inland did not receive proper notice of Obetkovski's alleged injury. Ind.Code § 22–3–3–1 requires notice of the injury, rather than notice of an accident. In addition, the notice is required within thirty days of the injury occurring. *See* Ind. Code § 22–3–3–1. Thus, we conclude that the Board's finding that Obetkovski did not give Inland proper notice of his injury is supported by the evidence.

Intertwined with the issue of proper notice is the issue of prejudice to the employer. *See* Ind.Code § 22–3–3–1. In showing prejudice, the burden of proof is on the employer. *Bogdon v. Ramada Inn, Inc.*, 415 N.E.2d 767, 770 (Ind.Ct.App. 1981). Here, the Board determined that "Defendant was prejudiced by Plaintiff's failure to properly notify his employer of his alleged work injury within a reasonable time, as Defendant was unable to direct medical care or place Plaintiff in different employment." Conclusion of Law # 4, Appellant's App. at 16. Obetkovski asserts that there is no evidence to support this Conclusion.

Obetkovski refused to heed his foreman's advice and go to the Inland Clinic the day following his fall. The evidence shows that Obetkovski was first treated for his injury in October 1992, a full year after the injury allegedly occurred. Moreover, the Inland Clinic was unable to examine and treat Obetkovski until January 13, 1993, one year and three months after the fall.

Upon this evidence, the Board could reasonably conclude that Inland did not have proper notice of Obetkovski's alleged injury and that it was prejudiced thereby. Obetkovski's failure to give Inland notice of his alleged injury precluded Inland from having the opportunity to evaluate or take any action with respect to his condition. Specifically, Inland was precluded from obtaining appropriate medical treatment for Obetkovski and from placing him into a different position at Inland so as to avoid aggravation or re-injury. *See e.g., Roebel v. Dana Corp.*, 638 N.E.2d 1356, 1362 (Ind. Ct.App.1994) (finding that employer was prejudiced by worker's failure to give employer notice of his injury was supported by evidence that lack of notice prevented employer from alleviating stress or obtaining appropriate treatment for worker).

Obetkovski also claims that the Board's Conclusion of Law #5 is erroneous. Conclusion of Law #5 provides, in pertinent part: "Plaintiff knew how to properly report a worker's compensation injury and intentionally refused to do so." Appellant's App. at 16. Obetkovski takes issue only with the "intentionally refused to do so" portion of this finding arguing that it is "incorrect due to the fact that the injury was reported the very next day." Appellant's Brief at 12. This is merely a restatement of the issue we discussed above with regard to the Board's finding that Obetkovski failed to give proper notice of his injury to Inland. Thus, we refer Obetkovski to our discussion above.

Finally, Obetkovski asserts that the Board erred by concluding that he did not suffer a compensable injury in the course and scope of his employment with Inland. *See* Conclusion of Law #7, Appellant's App. at 17. In conjunction with this issue, he claims error with the Board's Finding of Fact #36.

■ We address Finding of Fact #36 first. The Single Hearing Member found, and the Board adopted, that Obetkovski "produced no physician statement under Indiana Code § 22–3–3–6." Finding of Fact #36, Appellant's App. at 16. Obetkovski argues that the narrative medical reports of Dr. Saavedra and Dr. Oni are physician statements under Ind.Code § 22–3–3–6, and, if they are not such statements, they should not have been admitted into evidence.

A review of the medical reports of Dr. Saavedra and Dr. Oni reveals that they do not comply with the requirements of Ind. Code § 22–3–3–6. However, such reports can be admitted into evidence at a worker's compensation hearing, as they were in the present case, as part of the plaintiff's relevant medical records. We find no basis for Obetkovski's argument.

■ We turn now to Obetkovski's claim that he suffered a compensable injury within the course and scope of his employment with Inland. The evidence presented to the Board shows that Obetkovski fell from a ladder at his employment in October 1991. Obetkovski testified at the hearing that immediately after falling, he had "just a little bit" of pain only in his lower back but that this pain resolved in the middle of 1992. Appellant's App. at 71. At his periodic exam in June 1992, Obetkovski specifically denied experiencing any back pain, and the report notes

that he had "Good ROM [range of motion]" in his back. Appellant's App. at 89. Following the accident, Obetkovski continued to work at Inland, without restriction, until September 30, 1992, including performing overtime work. In mid–1992, he began experiencing headaches, dizziness, and neck pain. Appellant's App. at 62. Obetkovski did not seek treatment for his alleged injury until October 1, 1992.

On October 1, 1992, Obetkovski was examined by Dr. Millan. At that time, Obetkovski complained of suffering from severe headaches and neck pain for three months and related the occurrence of his fall one year prior. Dr. Millan referred Obetkovski to a neurosurgeon. In December 1992, Obetkovski was examined by Dr. Saavedra, a neurosurgeon. Dr. Saavedra made no findings regarding the cause of Obetkovski's problem; rather, he referenced Obetkovski's fall in October 16, 1991 merely as part of the patient history. Obetkovski continued treating with Dr. Millan and Prompt Medical Care from 1992 to 1998, and in 1993, he attempted a course of physical therapy.

Subsequently, in November 1998, Dr. Oni, an orthopaedic surgeon, examined Obetkovski. Similar to the report of Dr. Saavedra, Dr. Oni's report mentions Obetkovski's October 1991 fall and ensuing alleged injury in the patient history portion of his report. The report does not, however, contain Dr. Oni's opinion concerning the causal relationship, if any, between Obetkovski's 1991 fall and his claimed injury. In point of fact, the report contains no opinion as to the cause of Obetkovski's problems.

The narrative medical reports and the medical records of Obetkovski are insufficient to establish causation for purposes of obtaining worker's compensation benefits. Thus, the evidence supports the Board's Conclusion of Law # 7 that Obetkovski did not suffer a compensable injury in the course and scope of his employment with Inland.

Based upon the foregoing discussion and authorities, we conclude that the Board did not err in finding that Obetkovski failed to give Inland notice of the alleged work-relatedness of his injury and that this failure prejudiced Inland. In addition, there is ample evidence to support the Board's conclusion that Obetkovski did not suffer a compensable injury in the course and scope of his employment with Inland.

Affirmed.

BAKER, C.J., and NAJAM, J., concur.

## ORDER

Appellee Inland Steel Industries, by counsel, has filed a Motion For Publication.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee's Motion for Publication is GRANTED. This Court's opinion handed down in this cause on July 7, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

BAKER, C.J., NAJAM and HOFFMAN, JJ., concur.