## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 07 2017, 8:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ann H. Stewart
Jenny R. Buchheit
Justin P. Spack
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aisin USA MFG, Inc.,<br>*Appellant-Defendant,*<br><br>v.<br><br>Charles Brenner,<br>*Appellee-Plaintiff* | September 7, 2017<br><br>Court of Appeals Case No.<br>93A02-1703-EX-433<br><br>Appeal from the Indiana Worker's<br>Compensation Board<br><br>The Honorable Linda P. Hamilton,<br>Chairman<br><br>Application No. C-214694 |

**Altice, Judge.**

### Case Summary

[1]     AISIN USA Mfg., Inc. (AISIN) appeals from the decision of the full Worker's

Compensation Board (the Board) that Charles Brenner was entitled to statutory

compensation and benefits for injuries he incurred arising out of his employment with AISIN. AISIN raises the following restated issues on appeal:

1. Did the Board err in relying on an unsigned and partially illegible physician's report?

2. Was the Board's finding that Brenner's injuries arose out of his employment with AISIN supported by sufficient evidence?

3. Did the Board err in referring the matter for a physician evaluation on the issue of permanent partial impairment?

We affirm.

### Facts & Procedural History

AISIN manufactures components for the automotive industry. Brenner began working at AISIN's Seymour, Indiana facility in 2003. Brenner initially worked as a press officer, later moving to a material handler position in March of 2009. The new position was quite physically demanding and required Brenner to lift hundreds of boxes every day. In October 2010, Brenner began suffering from pain in his right shoulder, neck, and lower back. Brenner reported his complaints to his supervisors and requested a transfer of his position, but his request was denied.

Brenner continued to experience pain, and in November 2011, he saw Kim Swindell, an onsite nurse practitioner AISIN contracted with to address employee health issues. Brenner reported his symptoms to Swindell, and Swindell recommended that he see Ron Spencer, who is employed by AISIN to

address occupational injuries. Brenner reported his symptoms to Spencer, but no further action was taken by AISIN.

[4] Swindell subsequently referred Brenner to Dr. Bradley Morin, who opined that Brenner suffered from ulnar neuropathy and cervical arthritis which were likely caused or exacerbated by Brenner's work duties. Dr. Morin assigned a twenty-pound weight restriction and referred Brenner to Dr. Kristopher Williams, an orthopedist, for further treatment.

[5] Dr. Williams diagnosed Brenner with carpal tunnel syndrome and ulnar nerve entrapment caused by repetitive lifting at his employment. Dr. Williams recommended surgery, namely, bilateral open carpal tunnel release and bilateral ulnar nerve transposition. Brenner's last day of work for AISIN was February 25, 2012, two days before his scheduled surgery. Brenner was denied short term disability by his insurance provider because it determined that his injuries were work-related.

[6] Brenner continued to suffer from cervical pain following this surgery, and he was subsequently referred to Dr. Venu Vemuri, who diagnosed Brenner with cervical stenosis and degenerative disc disease. Brenner underwent a cervical fusion surgery in September of 2012. Brenner continued to suffer lower back pain, and Dr. Vemuri referred him to physical therapy, where it was noted that Brenner's lower back pain began in October of 2010, from heavy labor at work. Brenner also suffered from right lower extremity pain. Dr. Vemuri did not opine as to the cause of Brenner's lower back symptoms. Brenner was released

from Dr. Vemuri's care in May 2013, with the recommendation that he undergo a follow-up x-ray in one year. Brenner never returned to work after February 2012, and he is now on disability.

[7] Brenner filed an application for adjustment of claim on March 5, 2012. A hearing was held before a single hearing member on March 10, 2016, at which Brenner appeared pro se. The parties submitted a stipulation that the only issues before the hearing officer were whether Brenner had established that his injuries arose out of his employment, whether he had reached maximum medical improvement, and whether he was entitled to compensation and benefits. During the hearing, the hearing officer indicated that the issue of PPI would be held in abeyance because the parties were not prepared to address it. Neither party objected to this arrangement.

[8] On August 26, 2016, the hearing officer issued a decision concluding, among other things, that Brenner "was injured by accident in the course of and arising out of his employment with [AISIN]." *Appellant's Appendix Vol. 2* at 12. Specifically, the hearing officer found that Brenner's cervical condition, carpal tunnel syndrome, and ulnar nerve condition were either caused or aggravated by his work. The hearing officer also found, however, that Brenner had not submitted evidence sufficient to prove that his lumbar degenerative disc disease was caused or aggravated by his work duties. The order provided further that

the issue of PPI would "be set for hearing in due course."[1] *Id.* at 13. AISIN

appealed to the full Board, and on February 1, 2017, the Board issued its

decision affirming the hearing officer's decision, incorporating its findings of

fact, and modifying its conclusions of law. AISIN now appeals.

## Discussion & Decision

[9] The standard of review applicable to appeals from decisions of the Board is

well-settled:

> "'On appeal, we review the decision of the Board, not to reweigh
> the evidence or judge the credibility of witnesses, but only to
> determine whether substantial evidence, together with any
> reasonable inferences that flow from such evidence, support the
> Board's findings and conclusions.'" *Bertoch v. NBD Corp.*, 813
> N.E.2d 1159, 1160 (Ind. 2004) (quoting *Walker v. State*, 694
> N.E.2d 258, 266 (Ind. 1998)). In so doing, we apply a two-tiered
> standard of review. *Ag One Co-op v. Scott*, 914 N.E.2d 860, 862
> (Ind. Ct. App. 2009). We first review the record to determine
> whether there is competent evidence of probative value to
> support the Board's findings, and then determine whether the
> findings support the decision. *Id.* at 863. As a general matter, we
> are bound by the Board's findings of fact and may only consider
> errors in the Board's conclusions of law. *Ind. Mich. Power Co. v.
> Roush*, 706 N.E.2d 1110, 1113 (Ind. Ct. App. 1999). However,
> we may disturb the Board's factual determinations if we
> determine that the evidence is undisputed and leads inescapably
> to a result contrary to that reached by the Board. *Id.* We review

---

[1] Although the issue of PPI remained unresolved, the Board's decision awarding temporary total disability benefits was nevertheless an appealable final decision. *See Cox v. Worker's Comp. Bd. of Ind.*, 675 N.E.2d 1053, 1056-57 (Ind. 1996).

the Board's conclusions of law *de novo*. *Bertoch*, 813 N.E.2d at 1160.

*Waters v. Indiana State Univ.*, 953 N.E.2d 1108, 1112 (Ind. Ct. App. 2011), *trans. denied*.

[10] We also note that Brenner has not filed an appellate brief. Under these circumstances, we apply a less stringent standard with respect to the showing necessary to establish reversible error. *In re Paternity of S.C.*, 966 N.E.2d 143, 148 (Ind. Ct. App. 2012), *trans. denied*. When an appellee fails to submit a brief, we may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.* But even under the prima facie error standard, we are nevertheless obligated to correctly apply the law to the facts in the record to determine whether reversal is warranted. *Tisdale v. Bolick*, 978 N.E.2d 30, 34 (Ind. Ct. App. 2012).

### 1. Admissibility of Evidence

[11] We first address AISIN's argument that the Board erred in relying on inadmissible evidence, namely, Dr. Williams's report. AISIN argues that the report was inadmissible pursuant to Ind. Code § 22-3-3-6(e)(5) because it was not signed, and further that the letter should not have been admitted because it was partially illegible. We address each argument in turn.

[12] I.C. § 22-3-3-6(e) provides a list of requirements for physician's statements to be admissible in worker's compensation proceedings, and includes the requirement that the document contain "[t]he original signature of the physician or

surgeon." AISIN fails to note, however, that I.C. § 22-3-3-6(g) provides that a party objecting to the admission of a statement on the basis that it does not meet the requirements of I.C. § 22-3-3-6(e) is required to give written notice of the objection no later than twenty days before the hearing, and "[f]ailure to object as provided in this subsection precludes any further objection as to the adequacy of the statement under subsection (e)." The CCS does not reflect any such objection, and AISIN has not directed our attention to anything in the record showing that such an objection was made. Because AISIN failed to properly preserve this issue, it is waived.

[13] As to AISIN's argument concerning the report's illegibility, we note that AISIN has not developed its argument beyond making the conclusory statement that the report is inadmissible because it is "substantially illegible." *Appellant's Brief* at 20. Nor has it cited any authority directly in support of its position in this regard. In any event, we note that the strict rules of evidence do not apply in worker's compensation proceedings. *See K-Mart Corp. v. Morrison*, 609 N.E.2d 17, 26 (Ind. Ct. App. 1993). While we acknowledge that the report is partially illegible—it appears to be a poor-quality copy and the words on the far left-hand side of the page are difficult and/or impossible to read—the majority of the report is legible. In admitting the report, the hearing officer explained that it would consider the report's partial illegibility in considering the weight to attribute to it. In its decision, the hearing officer noted that in a questionnaire from Brenner's short-term disability provider, Dr. Williams had stated that Brenner's diagnosis was carpal tunnel syndrome and ulnar nerve entrapment

caused by repetitive lifting at work, and that this opinion was reiterated in the report at issue. The Board's decision to treat the issue of the report's legibility as affecting its weight rather than its admissibility was reasonable, particularly in light of the presentation of other evidence of Dr. Williams's opinion on the issue of causation. Furthermore, Dr. Morin's report, in which he gave the same opinion, was also admitted into evidence. In light of these circumstances, and keeping in mind the relatively informal nature of worker's compensation proceedings, we conclude that AISIN has not established reversible error on this basis.

## 2. Sufficiency of the Evidence

AISIN also argues that Brenner presented insufficient evidence to establish that his injuries arose out of his employment with AISIN. *See* I.C. § 22-3-2-2(a) (requiring employers to provide "compensation for personal injury or death by accident arising out of and in the course of the employment"). AISIN acknowledges that Brenner submitted medical reports from two physicians, both of whom opined that the injuries at issue were caused or exacerbated by his work. AISIN argues, however, that these reports are legally insufficient to support an award of benefits because they are based on Brenner's own statements to his physicians. In support of this proposition, AISIN cites *Obetkovski v. Inland Steel Indus.*, 911 N.E.2d 1257, 1263 (Ind. Ct. App. 2009), *trans. denied*, in which this court found that two "narrative medical reports" were insufficient to establish causation for the purposes of obtaining worker's compensation benefits.

AISIN's reliance on *Obetkovski* is misplaced. This court did not find the medical reports to be legally insufficient because they were based on statements made by the claimant. Rather, the court found the reports to be insufficient to establish causation because neither set forth the physician's opinion as to the cause of the claimant's injuries. *Id.* In this case, however, both physicians opined that Brenner's injuries were caused or exacerbated by his work. Moreover, it is clear that the physicians' opinions did not simply repeat Brenner's complaints; rather, they are based on the physicians' examinations and testing in combination with the patient history Brenner provided. These opinions were plainly sufficient to establish causation for the purposes of obtaining worker's compensation benefits, and Brenner's remaining arguments concerning the sufficiency of the evidence are merely requests to reweigh the evidence and judge the credibility of witnesses,[2] which we will not do on appeal.

### 3. Further Hearing on PPI

Finally, AISIN argues that the Board erred in referring Brenner to its ombudsman division to recommend a physician to evaluate Brenner and offer an opinion on PPI. The authority AISIN cites in support of this proposition does not mandate a conclusion that it was error for the Board to take such an

---

[2] For example, AISIN argues that Brenner was diagnosed with degenerative conditions, but Dr. Morin's report claimed that there was an acute injury. Even if such a conflict was a basis for reversal (it is not), no such conflict exists because AISIN has mischaracterized the record. Dr. Morin's report does not state that there was an acute injury.

approach and, in any event, the issue is waived. The hearing officer made it clear during the hearing that the issue of PPI would be addressed at a later date, and at no point did AISIN object to this arrangement. Accordingly, this issue is not available to AISIN on appeal. *See Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004) (explaining that, as a general rule, a party may not present an argument or issue for the first time on appeal).

[17] Judgment affirmed.

[18] Kirsch, J. and Mathias, J., concur.