**AG ONE CO–OP, Appellant–Defendant,**

**Trane, Defendant,**

v.

**James Andrew SCOTT, Appellee–Plaintiff.**

No. 93A02–0904–EX–298.

Court of Appeals of Indiana.

Oct. 13, 2009.

Richard L. Norris, Matthew W. Melton, Norris Choplin & Schroeder, LLP, Indianapolis, IN, Attorney for Appellant.

Randal M. Klezmer, Klezmer Maudlin, Daniel S. Tomson, Mercer Belanger, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Ag–One Coop ("Ag–One") appeals from the order of the Indiana Worker's Compensation Board ("the Board") affirming the order of the Single Hearing Member that determined that Ag–One had acted in bad faith in denying worker's compensation benefits to James Andrew Scott ("Scott"). Ag–One presents several issues for our review, which we restate as whether the Board properly concluded that Ag–One acted in bad faith in denying Scott benefits when the Board also concluded that Scott's former employer, Trane Co. ("Trane"), not Ag–One, was liable for Scott's worker's compensation claims.

We reverse and remand.

### Facts and Procedural History

Scott was employed by Trane from October 1995 until January 2003. On September 9, 2002, Scott injured his shoulders while working for Trane. Trane treated the injury as compensable under worker's compensation and provided treatment to Scott for this injury through Dr. Gregory Hardin, who was selected and authorized by Trane. On January 22, 2004, Dr. Hardin released Scott, concluding that he had reached maximum medical improvement and assigning Scott a permanent partial impairment rating.

From early March 2004 until the end of May 2004, Scott was employed by Ag–One. On June 1, 2004, Scott returned to Dr. Hardin complaining of increased shoulder pain. Dr. Hardin concluded that Scott's shoulder injuries were due to his employment with Ag–One, not Trane. In contrast, a Board-appointed independent medical examiner, Dr. Louis Angelicchio, concluded that Scott's injuries were due to his employment with Trane, not Ag–One. Both physicians agreed, however, that Scott had not yet reached maximum medical improvement.

On September 11, 2004, Scott filed an Application for Adjustment of Claim against Trane, claiming that he had been injured on September 9, 2002 while employed by Trane. Scott did not bring a claim against Ag–One. It was Trane who filed a motion to add Ag–One as a third-party defendant, claiming that Ag–One was liable for at least a portion of Scott's injuries. The Board granted Trane's motion on May 12, 2005, and Ag–One was joined as a defendant to Scott's claim against Trane.

Importantly, as a result of this dispute over who was responsible for Scott's medical expenses, neither employer provided Scott with medical benefits or compensation, and Scott went without medical care or compensation from June 2004 until September 2006.

On January 12, 2006, the Single Hearing Member held a hearing on Scott's claim for worker's compensation benefits. At the hearing, Scott testified that his shoulder problems stemmed from his original shoulder injury while employed by Trane in 2002. On January 24, 2006, the Single Hearing Member issued findings of fact and conclusions of law concluding that Scott did not sustain a superseding intervening injury at Ag–One and that Trane, not Ag–One, was responsible for Scott's medical care and expenses.

On February 7, 2006, Trane filed an application with the full Board seeking review of the Single Hearing Member's decision. The Board held a hearing on Trane's application for review on August 29, 2006. The Board issued its decision affirming the Single Hearing Member on September 6, 2006. In addition to affirming the Single Hearing Member, the Board also stated:

> IT IS FURTHER ORDERED that Defendant Ag–One shall not be released as a party pending any claims against it under Indiana Code Sections 22–3–4–12 [11] and 22–3–4–12.1.[2] Should [Scott] determine to interpose such a claim, he shall do so within forty-five (45) days of the date of this Order.

Appellant's App. p. 63.

On September 11, 2006, Scott heeded the Board's advice and filed a petition alleging bad faith against Ag–One. The Single Hearing Member held a hearing on Scott's petition on May 7, 2007. On November 27, 2007, the Single Hearing Member issued an order finding that Ag–One had acted in bad faith, specifically stating:

> 4. Neither employer provided [Scott] with medical benefits or compensation due to the dispute over ... which employer was responsible. As a result, [Scott] was without medical care or compensation from June 1, 2004 through mid-September 2006.
>
> 5. The Indiana Worker's Compensation Board does not condone employers or insurance carriers allowing an injured employee to suffer without benefits when there is a dispute between Defendants pertaining to liability. In order to avoid a bad faith judgment in this circumstance[,] one or both employers are required to take responsibility for [Scott]'s benefits and compensation and then seek reimbursement from the ultimately liable party post-adjudication.
>
> 6. Both Defendants acted in bad faith and shall pay bad faith damages pursuant to Ind.Code § 22–3–4–12.1 in the amount of $5,000. Ag One is responsible to pay $2,500 of this amount and Trane is required to pay $2,500 of this amount.
>
> 7. Furthermore, [Scott]'s Plaintiff's Attorney is entitled to an additional payment of $1,666.00 to be split equally by Ag One and Trane Co.

Appellant's App. p. 140.

Ag–One sought review of the Single Hearing Member's decision by the full Board on December 21, 2007, and the Board held a hearing on the matter on January 27, 2009. On March 9, 2009, the Board issued an order affirming the Single Hearing Member's decision. Ag–One now appeals.

## Discussion and Decision

 In reviewing a decision of the Worker's Compensation Board, we employ a two-tiered standard of review. *Oliver &*

---

1. This section provides for attorney fees in worker's compensation claims.

2. This section deals with an employer's bad faith in settling or adjusting worker's compensation claims.

*Iverson v. Honeycutt,* 798 N.E.2d 890, 892 (Ind.Ct.App.2003) (citing *Havlin v. Wabash Int'l,* 787 N.E.2d 379, 382 (Ind.Ct. App.2003)). We review the record to determine if there is competent evidence of probative value to support the Board's findings and then determine whether the findings support the decision. *Id.* We are bound by the Board's findings of fact and may not disturb the decision unless the evidence is undisputed and leads undeniably to a contrary conclusion. *Id.* We do not reweigh the evidence or assess the credibility of the witnesses. *Id.* However, when the question before this court is a legal question, we do not grant the same degree of deference to the Board's decision. *Id.* (citing *Walker v. Muscatatuck State Dev. Ctr.,* 694 N.E.2d 258, 266 (Ind. 1998)). The law is the province of the judiciary, and our constitutional system empowers the courts to draw legal conclusions. *Id.* (citing *Walker,* 694 N.E.2d at 266).

Here, Ag–One claims that the Board erred in affirming the Single Hearing Member's decision that Ag–One acted in bad faith by failing to provide worker's compensation benefits to Scott. Indiana Code section 22–3–4–12.1(a) (2005) provides:

> The worker's compensation board, upon hearing a claim for benefits, has the exclusive jurisdiction to determine whether the employer, the employer's worker's compensation administrator, or the worker's compensation insurance carrier has acted with a lack of diligence, bad faith, or has committed an independent tort in adjusting or settling the claim for compensation.

As set forth above, the Board here affirmed the Single Hearing Member's decision that Ag–One and Trane acted in bad faith by failing to provide Scott with worker's compensation benefits during the dispute over which employer was liable for Scott's worker's compensation benefits.

On appeal, Ag–One presents several arguments as to why the Board erred in affirming the Single Hearing Member's conclusion that Ag–One acted in bad faith. We find one of these arguments compelling and dispositive.

In *Borgman v. Sugar Creek Animal Hospital,* 782 N.E.2d 993 (Ind.Ct.App. 2002), *trans. denied,* the employee argued that the Board had erred in rejecting her claim that her employer's worker's compensation insurance carrier had acted in bad faith in denying her claim for worker's compensation benefits. The *Borgman* court wrote:

> We initially observe that the single hearing member determined that there was an absence of evidence favorable to [the employee's] claim [for worker's compensation benefits]. Thus, *her allegation that [the worker's compensation insurance carrier]'s actions constituted bad faith necessarily fails because [the employee] did not meet her burden of proof of the underlying claim that she was improperly denied worker's compensation benefits.*

*Id.* at 998 (emphasis added).

We acknowledge that the facts of *Borgman* are not precisely on-point with the facts of the present case, in that here, in addition to the question of whether Scott was entitled to worker's compensation benefits, there was the question of which employer was liable for these benefits. Still, the essence of the holding in *Borgman* is that there can be no bad faith in denying benefits if, in fact, the employer did not act improperly in denying benefits.

Here, Scott did not claim that Ag–One was liable for his worker's compensation benefits. It was Trane who argued, unsuccessfully, that Ag–One was responsi-

ble for Scott's benefits. While we share the Board's concern that Scott went without medical care while Trane and Ag–One disputed who was liable for Scott's worker's compensation benefits, we fail to see how Ag–One can be said to have acted in bad faith in denying Scott's claim for benefits when Ag–One was ultimately found not to be liable for such benefits.

In the context of the denial of insurance claims, a finding of bad faith requires evidence of a state of mind reflecting a dishonest purpose, moral obliquity, furtive design, or ill will. *Spencer v. Bridgewater*, 757 N.E.2d 208, 212 (Ind.Ct. App.2001). "Poor judgment and negligence, therefore, do not amount to bad faith; the additional element of conscious wrongdoing must be present." *Id.* A claim of bad faith does not arise simply because an insurance claim is erroneously denied. *Id.*

If a claim of bad faith does not arise simply because an insurance claim is erroneously denied, we are unable to agree with the Board that Ag–One somehow acted in bad faith in *properly* denying Scott's claims for benefits. Indeed, the Board itself affirmed the decision of the Single Hearing Member who concluded that Ag–One was not liable for Scott's worker's compensation benefits. We therefore reverse the Board's decision affirming the Single Hearing Member's conclusion that Ag–One acted in bad faith and remand with instructions to vacate the order requiring Ag–One to pay damages to Scott.

We nevertheless concur in the Board's frustration with these employers, and our decision should not be read as encouragement for multiple employers who dispute worker's compensation liability to refuse payment while awaiting the Board's adjudication of the dispute. In this case, there was at least some basis for Trane's position that Ag–One was fully or partially responsible for Scott's injury, in the form of a doctor's opinion assigning that injury to his employment with Ag–One. Thus, either or both employers in this case could have been found responsible.

As the Single Hearing Member noted in her findings regarding Scott's bad faith claim against Ag–One, either employer who paid for treatment but who was ultimately determined not liable would have been entitled to reimbursement from the other employer. We encourage employers in like situations in the future to come to an early agreement to share treatment costs pending determination of which employer is fully or partially liable. Doing so could go far in facilitating settlement of the claim and will avoid liability for the type of bad faith determined by the Board in this case, a determination that will usually be upheld under our deferential standard of review. *See Metro. Sch. Dist. of Lawrence Twp. v. Carter*, 803 N.E.2d 695, 697 (Ind.Ct.App.2004) (noting our deferential standard of review); *Honeycutt*, 798 N.E.2d at 892.

Reversed and remanded.

DARDEN, J., concurs.

ROBB, J., concurs with separate opinion.

ROBB, Judge, concurs with separate opinion.

I concur in the majority opinion but write separately to note that I believe on remand, in addition to vacating the order requiring Ag–One to pay damages to Scott, the Board should also determine and enter an order regarding Trane's responsibility for the entirety of the $5,000 awarded to Scott by the Single Hearing Member as bad faith damages.