**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**LIBBY VALOS MOSS**
**MARK D. GERTH**
Kightlinger & Gray, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**CRAIG W. GRAHAM**
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KINDRED NURSING CENTERS, LTD PARTNERSHIP d/b/a WEDGEWOOD HEALTHCARE, | ) ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 93A02-1207-EX-553 |
| LINDA DAVIS, | ) ) | |
| Appellee-Plaintiff. | ) ) | |

APPEAL FROM THE WORKER'S COMPENSATION BOARD OF INDIANA
The Honorable Linda Peterson Hamilton, Chairman
Cause No. C-209389

**January 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Kindred Nursing Center, Ltd Partnership, d/b/a Wedgewood Healthcare (Wedgewood), appeals the Worker's Compensation Board's (Board) determination that Appellee-Plaintiff's, Linda Davis (Davis), injury arose out of her employment with Wedgewood.

We affirm.

## ISSUE

Wedgewood raises one issue on appeal, which we restate as: Whether the Board erred in its determination that Davis' injury arose out of her employment.

## FACTS AND PROCEDURAL HISTORY

Davis works as a charge nurse at Wedgewood, a long-term care facility. As a charge nurse, she is responsible for administering medications, charting, paperwork, and various other tasks. During working hours, Wedgewood requires its charge nurses to wear scrubs and rubber soled shoes with a back.

On March 4, 2011, Davis finished her shift and walked to the front office area to make copies of patients' weight charts. After placing copies in Wedgewood's dietician's mailbox, she returned to the nurses' station. Noticing that her shoe had become untied, she lifted her foot onto a chair, tied her shoe and, while bringing her foot down, she caught her foot on the chair and fell. As a result of the fall, Davis suffered a fracture of her right knee cap (patella).

On March 31, 2011, Davis filed an application for adjustment of claim with the Board alleging that her injuries arose out of her employment. On November 10, 2011, the Single Hearing Member conducted a hearing and determined that Davis' injury was caused by an act incidental to her employment, or at the very least, the accident presented a neutral risk and was therefore compensable. On December 2, 2011, Wedgewood appealed the decision to the Board. On June 14, 2012, after a hearing, the Board issued its Order, affirming the Single Hearing Member and stating in pertinent part:

> 3. [Davis'] action of tying her shoe was incidental to her employment. The employees at Wedgewood are required to wear nursing scrubs, specific type of shoe, and follow a certain dress code. It would be detrimental to the employer if their employees were walking around the facility with their shoes untied or with an unkempt [sic] appearance when residents and family members evaluate the facility based partially on its employees. Therefore, [Davis'] decision to tie her shoe is a risk associated with her employment. Additionally, [Davis] is on her feet walking throughout the day making it more likely for her shoes to come untied and tying her shoes would be needed to complete her job duties.

(Appellant's App. p. 003).

Wedgewood now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

On appeal, we review the decision of the Board, not to reweigh the evidence or judge the credibility of witnesses, but only to determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, support the Board's findings and conclusions. *Bertoch v. NBD Corp.*, 813 N.E.2d 1159, 1160 (Ind. 2004). In so doing, we apply a two-tiered standard of review. *Ag One Co-op v. Scott*,

3

914 N.E.2d 860, 862 (Ind. Ct. App. 2009). We first review the record to determine whether there is competent evidence of probative value to support the Board's findings, and then determine whether the findings support the decision. *Id*. at 863. As a general matter, we are bound by the Board's findings of fact and may only consider errors in the Board's conclusions of law. *Ind. Mich. Power Co. v. Roush*, 706 N.E.2d 1110, 1113 (Ind. Ct. App. 1999). However, we may disturb the Board's factual determinations if we determine that the evidence is undisputed and leads inescapably to a result contrary to that reached by the Board. *Id*. We review the Board's conclusions of law *de novo*. *Bertoch*, 813 N.E.2d at 1160. An award made by the Board that is based on competent evidence will not be reversed on appeal. *Blau-Knox Foundry Mill v. Dacus*, 505 N.E.2d 101, 102 (Ind. Ct. App. 1987).

## II. *Injuries Arising Out Of Employment*

Contesting the Board's determination, Wedgewood asserts that Davis' injury did not result from a risk incidental to her employment but rather derived from a personal risk which is not compensable under the Worker's Compensation Act.

The Worker's Compensation Act authorizes the payment of compensation to employees for personal injury or death by accident arising out of and in the course of the employment. Ind. Code § 22-3-2-2. An injury arises out of employment when a causal nexus exists between the injury sustained and the duties or services performed by the injured employee. *Milledge v. Oaks*, 784 N.E.2d 926, 929 (Ind. 2003). An accident occurs in the course of employment when it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is fulfilling

4

the duties of employment or while engaged in doing something incidental thereto. *Id*. Both requirements must be met before compensation is awarded, and neither alone is sufficient. *Id*. The person seeking worker's compensation benefits bears the burden of proving both elements. *Id*. The parties agree that Davis' injury occurred during the course of her employment; therefore, the sole contention before us relates to whether her injury arose out of her employment with Wedgewood.

Commenting on the causal connection necessary to show that an accidental injury arises out of employment, our supreme court has stated that "[the] nexus is established when a reasonably prudent person considers the injury to be born out of a risk incidental to the employment, or when the facts indicate a connection between the injury and the circumstances under which the employment occurs." *Wine-Settergren v. Lamey*, 716 N.E.2d 381, 389 (Ind. 1999). The risks incidental to employment fall into three categories: (1) risks distinctly associated with employment, (2) risks personal to the claimant, and (3) neutral risks which have no particular employment or personal character. *Roush*, 706 N.E.2d at 1114. Risks that fall within categories one and three are generally covered under the Indiana Worker's Compensation Act. However, risks personal to the claimant, those "caused by a pre-existing illness or a condition unrelated to employment" are not compensable. *Milledge*, 784 N.E.2d at 926.

Wedgewood argues that Davis' injury resulting from tying her shoe was a personal risk, unrelated to her employment, and thus not covered by the Worker's Compensation Act. We disagree. At the time of the accident, Davis was working for Wedgewood's benefit, was required to wear rubber soled shoes with a back, and she had to tie her

shoelaces when they became untied on the job. Therefore, Davis' act of tying her shoes was a risk that was related to her employment and the resulting fall was incidental to her employment. There is no evidence that Davis had any pre-existing injuries to her knee or that she contributed anything personal or private to the injury. In light of the evidence presented, the Board properly determined that Davis' injury is covered by the Worker's Compensation Act.

<u>CONCLUSION</u>

Based on the foregoing, we affirm the Board's determination that Davis' injuries arose out of her employment.

Affirmed.

BAKER, J. and BARNES, J. concur

6