Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 12 2013, 6:11 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN W. ETZLER**
Schreiner, Malloy & Etzler, P.C.
Highland, Indiana

ATTORNEYS FOR APPELLEE:

**CARLA R. HOUNSHEL**
**R. JAY TAYLOR, JR.**
Scopelitis, Garvin, Light, Hanson, & Feary, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FLORA BIRDSONG, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1304-EX-319 |
| | ) | |
| ILLINOIS CENTRAL SCHOOL BUS, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE INDIANA WORKERS' COMPENSATION BOARD
Application Number: C-204387

**September 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Flora Birdsong ("Birdsong") was denied worker's compensation benefits by the Worker's Compensation Board ("the Board"). Birdsong now appeals and argues that the Board's conclusion that Birdsong is not entitled to worker's compensation benefits is not supported by substantial evidence.

We disagree and affirm.

**Facts and Procedural History**

Birdsong was employed by appellee Illinois Central as a school bus driver for approximately twenty-two years. Birdsong's job regularly required her to use her left hand to operate the bus's parking brake and her right hand to operate the bus's gear shift and to open and close the bus's door. In late March 2010, Birdsong began to experience pain in both of her hands as well as her wrists and arms, and she notified Illinois Central of her problem. Illinois Central directed her to see Dr. David Foreit for an evaluation. Dr. Foreit examined Birdsong on April 1, 2010 and reported that he could not ascertain a "causative event" linking Birdsong's bilateral pain and her work activities. Appellant's App. p. 13.

Birdsong returned to Dr. Foreit on April 5, 2010. During this visit, Birdsong reported that her pain had increased since her April 1 visit and that it had become so unbearable that she could not return to work. Dr. Foreit observed that the "[b]ilateral wrist, arm, shoulder and neck pain" reported by Birdsong was "consistent with carpal tunnel syndrome." Id. at 21. As was the case during Birdsong's April 1 visit, Dr. Foreit could not determine whether the injury was related to Birdsong's activities as a school bus driver.

2

Dr. Foreit performed follow-up examinations of Birdsong on April 9, April 12, April 15, April 22, and May 20, 2010. At the April 9 visit, Birdsong reported that her pain had lessened. Dr. Foreit advised Birdsong that she could perform office work but that she should not drive. At the April 12, April 15, April 22, and May 20 visits, Birdsong again complained of bilateral wrist pain. Dr. Foreit's continuing diagnosis was bilateral carpal tunnel syndrome. After Birdsong's May 20 visit, Dr. Foreit recommended that Birdsong undergo an orthopedic evaluation. He referred her to Dr. Sunil Dedhia, an orthopedic surgeon.

Dr. Dedhia examined Birdsong on May 24, 2010 and again on December 14, 2010. Dr. Dedhia found no evidence of carpal tunnel syndrome. He recommended that Birdsong undergo an MRI. An MRI performed on March 29, 2011 revealed no objective evidence of the cause of Birdsong's pain.

On September 24, 2011, orthopedic surgeon Dr. John Fernandez performed a Board Independent Medical Examination. Birdsong reported to Dr. Fernandez a "10 out of 10" level of pain in both hands and wrists. Appellant's App. p. 30. Dr. Fernandez diagnosed Birdsong with "bilateral wrist and arm pain, etiology not completely known" and "bilateral hand numbness and tingling, possible carpal tunnel syndrome." Id. at 40. He was not able to "support a causal opinion or relationship between her work activities as a bus driver and the development of her current conditions[.]" Id. He stated, "[i]f indeed her condition was work related or work aggravated, I would have expected a significant decrease or elimination of her symptoms." Id. He indicated that he knew of no evidence showing that bus drivers suffer an increased incidence of carpal tunnel

3

syndrome. He noted that carpal tunnel syndrome is "a multifactorial disorder" and that females, especially those in Birdsong's age group and those who have an increased body mass index, like Birdsong, are at higher risk for carpal tunnel syndrome.[1] Id. at 41.

Following Dr. Fernandez's evaluation, Birdsong sought a second opinion from Dr. Gregory McComis, an orthopedic surgeon. After reviewing Birdsong's MRI reports and performing Tinel's sign and Phalen's test,[2] Dr. McComis diagnosed Birdsong with carpal tunnel syndrome. He recommended that Birdsong undergo an EMG.[3] The EMG was performed on March 16, 2012. After reviewing the EMG, Dr. McComis confirmed his previous diagnosis of carpal tunnel syndrome and noted that Birdsong's symptoms and diagnosis were "consistent with repetitive duties as a school bus driver." Id. at 46.

Birdsong filed an Application for Adjustment of Claim with the Board on May 7, 2010. In the Application, she alleged that she suffered bilateral carpal tunnel syndrome as a result of the repetitive motions she performed as part of her work activities and sought worker's compensation benefits under the Indiana Worker's Compensation Act, Ind. Code § 22-3-3-1 to 22-3-12-4. Illinois Central denied Birdsong's claim for benefits.

On June 14, 2012, a Single Hearing Member held a hearing on Birdsong's claim for worker's compensation benefits. On September 13, 2012, the Single Hearing

---

[1] Dr. McComis reported that Birdsong is "mildly obese," with a body mass index of 34.45. Appellant's App. at 42-43.

[2] Tinel's sign and Phalen's test are two tests used to diagnose carpal tunnel syndrome.

[3] Electromyography (EMG) is a test that checks muscle and nerve health.

Member issued an order concluding that Birdsong was not entitled to worker's compensation benefits. The order was accompanied by the following conclusions of law:

1.	Dr. Dedhia and Dr. Fernandez's reports, which cumulatively and directly address causation for [Birdsong's] current condition, are more credible than the findings of Dr. McComis.
2.	[Birdsong] did not sustain bilateral injuries to her wrists in the ordinary course and scope of her employment for [Illinois Central].

Appellant's App. p. 9.

On September 17, 2012, Birdsong filed an application for review by the Board. On March 12, 2013, the Board issued an order affirming the Single Hearing Member's denial of Birdsong's claim. Birdsong now appeals.

**Standard of Review**

When we review a decision of the full Worker's Compensation Board, we are bound by the factual determinations of the Board and may only consider errors in the Board's conclusions. Obetkovski v. Inland Steel Indus., 911 N.E.2d 1257, 1260 (Ind. Ct. App. 2009), trans. denied. We apply a two-tiered standard of review. Ag One Co-op v. Scott, 914 N.E.2d 860, 862 (Ind. Ct. App. 2009). First, we review the record to determine whether there is competent evidence of probative value to support the Board's findings. Next, we determine whether the Board's findings support the decision. Id. at 863.

We will not disturb the Board's findings of fact unless the evidence is undisputed and leads inescapably to a contradictory result. Id. Therefore, on review of the Board's findings of fact, we must consider only the evidence and reasonable inferences drawn therefrom that support the Board's findings. Id. Importantly for this case, we do not

reweigh the evidence or assess the credibility of the witnesses. Id. While we are not bound by the Board's legal conclusions, we will disturb the Board's conclusions only if it incorrectly interpreted the Worker's Compensation Act. Id.

**Discussion and Decision**

Birdsong argues that the Board's conclusion that her injuries were not compensable under the Worker's Compensation Act ("the Act") is not supported by substantial evidence. The Act requires that employers provide their employees with "compensation for personal injury or death by accident arising out of and in the course of the employment[.]" Ind. Code § 22-3-2-2(a). An injury occurs in the course of employment where "it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is fulfilling the duties of employment or while engaged in doing something incidental thereto." Pavese v. Cleaning Solutions, 894 N.E.2d 570, 575 (Ind. Ct. App. 2008). When a causal nexus exists between the employee's injury and the duties or services performed by the employee, the injury arises out of employment. Id. It is the claimant's burden to prove a right to compensation under the Act. Obetkovski, 911 N.E.2d at 1260.

In concluding that Birdsong was not entitled to worker's compensation benefits, the Board adopted the Single Hearing Member's findings that (1) Dr. Dedhia found "essentially no explanation for the subjective pain" about which Birdsong complained; (2) Dr. Fernandez "could not support a causal opinion or relationship between [Birdsong's] work activities as a bus driver and the development of her current conditions or symptoms"; and (3) that Dr. McComis believed that Birdsong's injury "was consistent

6

with repetitive duties as a school bus driver." Appellant's App. p. 9. The Board also adopted the Single Hearing Member's conclusions that Dr. Dedhia and Dr. Fernandez's reports were more credible than Dr. McComis's report and that Birdsong did not sustain any injury to her wrists in the ordinary course of employment for Illinois Central.

Birdsong argues that these conclusions were "erroneous and not rationally based." Appellant's Br. at 7. She claims, "the opinions of Dr. Dedhia and Dr. Fernandez were not competent evidence of probative value that would be sufficient enough to support the Board's findings" and asserts that the opinion of Dr. McComis is "[t]he only credible medical evidence that was submitted to the Board." Id. at 8, 10.

Birdsong's argument that the Board erred in determining that Dr. McComis's opinion was less credible than those of Dr. Dedhia and Dr. Fernandez amounts to a request for this Court to reweigh the evidence. We will not do so. See Wholesalers, Inc. v. Hobson, 874 N.E.2d 622, 627 (Ind. Ct. App. 2007). It was for the Board to decide whose opinion was more credible. The Board accepted the reports of Dr. Dedhia and Dr. Fernandez over the report of Dr. McComis, and we cannot find error based on its decision to do so.

The evidence favorable to the Board's decision shows that after evaluating Birdsong, Dr. Dedhia was unable to identify an objective source of Birdsong's pain. Dr. Dedhia did not believe that the source of Birdsong's pain was carpal tunnel syndrome, since the pain had not alleviated from May 2010 to December 2010, and since Birdsong stated that injections in her carpal tunnel had provided no relief from the pain. He

7

reviewed MRI scans and ruled out both "obvious issues related to the carpal bones or distal radius" and any "obvious triangular fibrocartilage tear[s]." Appellant's App. p. 36.

After reviewing Birdsong's EMG, MRI, and previous treatment records and examining Birdsong, Dr. Fernandez also found no causal link between Birdsong's pain and her work activities as a bus driver. His conclusion was further based on (1) his expectation that, if Birdsong's injury was work-related, she would have experienced a significant decrease of her symptoms after being away from work for an extended period of time and (2) his observation that Birdsong's age, gender, and body mass index were risk factors associated with carpal tunnel syndrome.

We conclude that all of this evidence is sufficient to support the Board's conclusion that Birdsong did not sustain bilateral injury to her wrists in the ordinary course and scope of her employment for Illinois Central. She is therefore not entitled to receive worker's compensation benefits.

## Conclusion

For all of these reasons, and under our deferential standard of review of the determinations of administrative agencies, we affirm the Board's denial of worker's compensation benefits to Birdsong.

Affirmed.

NAJAM, J., and BROWN, J., concur.

8